IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRICIA J. BOSARGE                                                                          PLAINTIFF

VERSUS                                                              CAUSE NO. __3:24-cv-816-HTW-LGI__

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
and JAY F. "RUSTY" CLARK, In His
Individual Capacity, for State Law Violations                                    DEFENDANTS

JURY TRIAL DEMANDED

_____

COMPLAINT

_____

This is an action to recover actual damages against the Mississippi Department of Public Safety for retaliating against Plaintiff because she opposed race discrimination. A supplemental state law claim is made against the individual Defendant Captain Jay F. "Rusty" Clark, a former Mississippi Department of Public Safety Highway Patrol Officer. Defendant Clark is sued only in his individual capacity for state law violations. The following facts support the action:

1.

Plaintiff TRICIA J. BOSARGE is an adult, white resident citizen of 129 Hemlock Lane, Madison, Mississippi 39110.

2.

Defendant MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY ("Defendant Department") is a political subdivision of the State of Mississippi. Defendant Department may be served with

process upon the Attorney General, Lynn Fitch, at Carroll Gartin Justice Building, 550 High Street, Jackson, Mississippi 39201, and upon the Commissioner of the Mississippi Department of Public Safety, Sean Tindell, at 1900 East Woodrow Wilson Avenue, Jackson, Mississippi 39216. Defendant Department is an arm of the State of Mississippi. Defendant Department is subject to suit because Congress has specifically allowed it to be sued in enacting the Civil Rights Act of 1964, in conjunction with the powers granted it under the Fourteenth Amendment of the United States Constitution. This action arises under the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Defendant JAY F. "RUSTY" CLARK (hereinafter "Defendant Clark") is an adult resident citizen of Mississippi. Defendant Clark may be served with process at 315 Crossview Place, Brandon, Mississippi 39247.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, and jurisdiction under the jurisdictional provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims brought against Defendant Clark.

4.

Plaintiff is a long-term employee of the Mississippi Department of Public Safety, and is devoted to that department, with her husband also being a Mississippi Highway Patrol Officer. Plaintiff is a loyal, dedicated employee of the Department of Public Safety, who wanted the best for the agency.

5.

After working for some time as an administrator for the Mississippi Department of Public Safety, Plaintiff was promoted to be the Deputy Director of the Criminal Information Center of the Mississippi Bureau of Investigation, which is an arm of the Mississippi Department of Public Safety. In that position, Plaintiff worked under the direct supervision of the Director, Defendant Clark, who was the Director of the Criminal Information Center.

6.

Plaintiff's experience with her immediate supervisor, Defendant Clark, was initially good. However, that good relationship changed when Defendant Clark directed Plaintiff to carry out a policy of race discrimination against black prospects for employment. Defendant Clark directed Plaintiff to pull out applications that looked like black applicants stating that the demographics in the building were too "dark," and the place needed to be "lightened up." Defendant Clark did not want black applicants hired and was furious when Plaintiff did hire black applicants. On multiple occasions, Defendant Clark expressed an intent to discriminate against black persons based upon their race.

7.

Plaintiff was a loyal employee, and did not want the department to be racist. Plaintiff repeatedly complained to Defendant Clark about his hiring practices, and told him that his hiring practices violated federal law, and that the department must hire the most qualified person for the position. On one occasion, Defendant Clark yelled at her advising Plaintiff to shut the "f__k" up, and told Plaintiff that she should stay in her own lane if she wanted her job.

8.

Plaintiff began documenting conversations she would have with Defendant Clark, and while Plaintiff was out having surgery in March 2023, Defendant Clark ransacked her office and the notes Plaintiff had taken disappeared.

9.

Plaintiff made a formal complaint about Defendant Clark's racism to a supervisory official, Major Lamond Wilson, black.  Wilson acknowledged racism was occurring at the Criminal Information Center, and told Plaintiff that he knew that Plaintiff was already performing most of the job duties which Defendant Clark was supposed to be performing.  Wilson set up a meeting with Corey Carter, counsel for the Mississippi Department of Public Safety, and Plaintiff complained to Carter Defendant Clark's racially discriminatory practices and subsequent retaliation.

10.

As a result of Plaintiff's complaints, Lieutenant Colonel Charles Haynes decided that he would remove certain of Defendant Clark's responsibilities and give them to Plaintiff.  This was made in an attempt to retain Defendant Clark in the position, but to take away some of his responsibilities and give those responsibilities to Plaintiff.  The intent was that the supervision of the division would be divided between Clark and Plaintiff.

11.

Nevertheless, Defendant Clark directed employees to follow his directions.  Contrary to the directions that he had been given to divide the responsibilities, Defendant Clark maintained control over the responsibilities that had been given to Plaintiff.  Defendant Clark directed subordinate employees to file grievances against her, and to make up false claims against her.  The subordinate employees' refusal to follow Plaintiff's directions as a result of directions given them from

Defendant Clark, and the undermining of Plaintiff's authority by Defendant Clark and his subordinates at Defendant Clark's direction, caused discord in the department.

12.

As a result of Plaintiff's opposition to racism, and Clark's subsequent causing of discord, on September 26, 2023, Lieutenant Colonel Haynes (black) and Major Wilson (black) informed Plaintiff that effective October 1, 2023, Plaintiff was being moved into a newly-created position as "Director of the Mississippi Associates Program." Plaintiff asked why she was being moved into this new position when it was Defendant Clark who was engaged in the racism. They responded that Defendant Clark could not perform the new position because it required working with the NAACP. Defendant Clark could not be put into such a position. Subsequently, Lieutenant Colonel Haynes called Plaintiff's husband, Master Sergeant Ron Bosarge, into his office and explained that he had no control over the situation and that he had been directed to make the change by persons above him. Haynes told Ron Bosarge he would not be able to show the restraint which Ron Bosarge had shown had his wife undergone the type of harassment which Plaintiff had undergone.

13.

The new position was a humiliating change for Plaintiff. In Plaintiff's previous position, she had approximately thirty (30) subordinates, and was over multiple divisions of the Criminal Information Center. In the new position, Plaintiff had no funding, and was placed into a "closet" instead of an office. She had little to do. The position was created in order get Plaintiff out of the Criminal Information Center. This move represented retaliation against Plaintiff because of her complaints of racism.

14.

On or about December 15, 2023, Plaintiff filed the EEOC charge, attached hereto as Exhibit "A." Plaintiff hereby incorporates the EEOC charge into this Complaint.

15.

While Plaintiff's EEOC charge was pending, and on approximately October 7, 2024, Lieutenant Colonel Jimmy Herzog, head of the Mississippi Bureau of Investigation, called Plaintiff and explained that he had made a thorough investigation of problems at the Criminal Information Center. Herzog had learned that Defendant Clark had intentionally caused the baseless complaints against Plaintiff, and had done so in order to force Plaintiff out of the Criminal Information Center. This would allow Clark to move one of his loyal subordinates, Robin Layton, into the position of Deputy Director of the Center, although she had few qualifications for the position. Herzog told Plaintiff he knew that the complaints made by subordinate employees were fabricated, and that he had learned that Defendant Clark even promised a pay raise to some of the employees to cause them to make false complaints against Plaintiff.

16.

Herzog explained that though Defendant Clark had now resigned from the Mississippi Highway Patrol, a favored subordinate of his, Robin Layton, had been placed in his position, but Clark's favored subordinate was not capable of performing the job and that he was going to recommend that Plaintiff be given the position as Director of the Criminal Information Center. Herzog explained that he would be recommending that Plaintiff be moved into that position because Robin Layton was incapable of filling it.

17.

However, on November 2, 2024, Herzog informed Plaintiff that the Mississippi Department of Public Safety had determined that it was not going to move Plaintiff into the Director's position and that, instead, there would be open advertisements for the position and the Department of Public Safety would look for some other person to fill the position. Defendant had never before advertised for the position. It had always been an appointed position. Plaintiff was not offered the position following the resignation of Defendant Clark because of her earlier complaints of race discrimination and because she had filed and had pending the EEOC charge attached hereto as Exhibit "A."

18.

Plaintiff made a request for an EEOC right to sue letter after her charge had been pending. Nevertheless, her right to sue was not issued until October 3, 2024. This right to sue letter is attached as Exhibit "B." Out of an abundance of caution, Plaintiff has filed a second EEOC charge because of her not being moved into the Director's position when it became available. *See* Second EEOC Charge, attached hereto as Exhibit "C." This charge is unnecessary under current law, but efforts are being made to change current law. Plaintiff has received the right to sue letter with respect to the second charge, attached hereto as Exhibit "D."

19.

Defendants are liable to Plaintiff as follows:

**COUNT 1**

Defendant Mississippi Department of Public Safety is liable to Plaintiff for retaliating against Plaintiff because of her complaints of race discrimination and her opposition to race discrimination. This retaliation was the transfer to the lesser, newly-created position of "Director of the Mississippi Associates Program."

## COUNT 2

After Defendant Clark had resigned or was fired from his position as Director of the Crime Information Center, Plaintiff was not given the position as Director of the Center in retaliation for her having filed the EEOC charge, Exhibit "A," and in retaliation for her having earlier made the complaints of race discrimination.

## COUNT 3

Defendant Clark maliciously interfered with Plaintiff's employment by causing his subordinate employees to fabricate grievances and complaints against Plaintiff, ultimately resulting in Plaintiff's being demoted to the made up position of Director of the Mississippi Associates Program.  Further, because of Defendant Clark's actions, Plaintiff has lost the opportunity for promotion under the current administration.  Clark's malicious interference with Plaintiff's employment is actionable under state law.

20.

Plaintiff has suffered mental anxiety, stress, and lost income as a result of Defendants' retaliatory actions because Plaintiff opposed racism and because Plaintiff filed an EEOC charge.

## REQUEST FOR RELIEF

Plaintiff requests actual damages from Defendant Mississippi Department of Public Safety for violation of the Civil Rights Act of 1964.  Plaintiff requests actual and punitive damages against Defendant Clark for the state law tort of malicious interference with employment.  Plaintiff further requests declaratory relief granting her the Director's position.  Plaintiff also requests reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 19th day of December, 2024.

TRICIA J. BOSARGE, Plaintiff

By:   */s/ JIM WAIDE*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      Rachel Pierce Waide, MS Bar No. 100420
      rpierce@waidelaw.com
      Yance Falkner, MS Bar No. 106107
      yfalkner@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF _Lee_____

     PERSONALLY came and appeared before me, the undersigned authority in and for the

aforesaid jurisdiction, the within named TRICIA J. BOSARGE, who, after being first duly sworn,

states under oath that the facts contained in the above and foregoing COMPLAINT are true and

correct as stated therein.

_____
TRICIA J. BOSARGE

     GIVEN under my hand and official seal of office on this the _4th_ day of _December_ 2024.

(SEAL)
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2027
STATE OF MISSISSIPPI
NOTARY PUBLIC
LEE COUNTY

_Kimberley M. Sanders_____
NOTARY PUBLIC

My Commission Expires: _April 4, 2027_