IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRICIA J. BOSARGE                                                                PLAINTIFF

V.                                                              CAUSE NO. 3:24-CV-816-HTW-LGI

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
And JAY F. "RUSTY" CLARK, In His Individual
Capacity, for State Law Violations                                               DEFENDANTS

## SEPARATE ANSWER AND DEFENSES OF
## DEFENDANT, JAY F. "RUSTY" CLARK

The Defendant, Jay F. "Rusty" Clark ("Clark" or "this Defendant"), by and through counsel undersigned, hereby submits his Answer and Defenses, and responds to the allegations contained in the Complaint filed against him by Plaintiff in the above styled lawsuit as follows:

AS TO the first unnumbered paragraph of Plaintiff's Complaint that begins "This is an action to recover actual damages . . ." Defendant Clark admits that he is a former Mississippi Department of Public Safety Highway Patrol Officer. To the extent the remaining allegations and conclusions contained in this first unnumbered paragraph are intended to impose liability upon this Defendant, the same are denied.

AND NOW, Defendant Clark responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Based on information and belief, Defendant Clark admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Clark admits that Defendant, Mississippi Department of Public Safety ("MDPS") is an arm of the State of Mississippi who may be served with process as provided for by law, but denies that MDPS is a "political subdivision of the State of Mississippi" as set forth in Paragraph 2 of Plaintiff's Complaint. Defendant Clark admits that he is an adult resident citizen of the state of Mississippi, who may be served with process of this Court as provided for by law. To the extent the remaining allegations or conclusions contained in Paragraph 2 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

3. Defendant Clark admits upon present information and belief that this Court has federal question jurisdiction over Plaintiff's federal law claim(s). Defendant Clark denies that this Plaintiff's state law claim asserted against him in her Complaint are appropriate for this Court to exercise supplemental jurisdiction over the same. Defendant Clark specifically denies liability to Plaintiff under any theory of recovery and denies any unlawful conduct. To the extent the remaining allegations and conclusions contained in Paragraph 3 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

4. Defendant Clark admits upon present information and belief that Plaintiff and her husband are employees of the Mississippi Department of Public Safety. To the extent the remaining allegations and conclusions contained in Paragraph 4 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

5. Defendant Clark admits that during his employment with Defendant MDPS, he served for a specified time period as Director of the Criminal Information Center of the Mississippi Bureau of Investigation. Defendant Clark admits upon present information and belief that Plaintiff served for a specified time period as a Deputy Director of the Criminal Information Center of the Mississippi Bureau of Investigation. To the extent the remaining allegations and conclusions contained in Paragraph 5 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

6. Defendant Clark denies the allegations and conclusions contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant Clark denies the allegations and conclusions contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Clark admits upon present information and belief that Plaintiff took medical leave in 2023. Defendant Clark is without sufficient knowledge or information to admit or deny whether Plaintiff documented conversations with him, and therefore denies the same. Defendant Clark denies that he ransacked Plaintiff's office as alleged in Paragraph 8. To the extent the remaining allegations and conclusions contained in Paragraph 8 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

9. Defendant Clark admits that Plaintiff made a complaint about him to Major Lamond Wilson, who arranged a meeting with MDPS legal counsel, Corrie Cockrell Carter, who investigated Plaintiff's complaints of racially discriminatory

practices and retaliation and determined that Plaintiff's complaints were unfounded. To the extent the remaining allegations and conclusions contained in Paragraph 9 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

10. To the extent the allegations and conclusions contained in Paragraph 10 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

11. Defendant Clark denies the allegations and conclusions contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant Clark admits that Plaintiff was moved into the position of Director of the Mississippi Associates Program on or about October 1, 2023. To the extent the remaining allegations and conclusions contained in Paragraph 12 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

13. Defendant Clark denies the allegations and conclusions contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant Clark admits that Plaintiff attached an EEOC Charge designated as "Exhibit A" to the Complaint, the contents of which speak for themselves. To the extent the allegations and conclusions contained in Paragraph 14 of Plaintiff's Complaint or the "Exhibit A" referenced therein are intended to impose liability upon this Defendant, the same are denied.

15. Defendant Clark admits upon present information and belief that MDPS Lt. Col. Jimmy Herzog spoke with Plaintiff on or about October 7, 2024, but denies the remaining allegations and conclusions contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Clark admits that he retired from employment with Defendant Mississippi Department of Public Safety, effective February 29, 2024. To the extent the allegations and conclusions contained in Paragraph 16 of Plaintiff's Complaint are intended to impose liability upon this Defendant, the same are denied.

17. To the extent the allegations and conclusions contained in Paragraph 17 of Plaintiff's Complaint or in any Exhibit to Plaintiff's Complaint referenced therein are intended to impose liability upon this Defendant, the same are denied.

18. Defendant Clark admits that Plaintiff attached "Exhibit B," "Exhibit C," and "Exhibit D" to the Complaint, the contents of which speak for themselves. To the extent the allegations and conclusions contained in Paragraph 18 of Plaintiff's Complaint or the Exhibits B, C, and/or D referenced therein are intended to impose liability upon this Defendant, the same are denied.

19. Defendant Clark denies the allegations and conclusions contained in Paragraph 19 of Plaintiff's Complaint, including "Count 1," "Count 2," and "Count 3" as designated therein.

## COUNT 1

Defendant Clark admits that he retired from employment with Defendant Mississippi Department of Public Safety, effective February 29, 2024. To the extent the allegations and conclusions contained in Paragraph 19 and/or "COUNT 1" of Plaintiff's Complaint designated therein are intended to impose liability upon this Defendant, the same are denied.

## COUNT 2

Defendant Clark admits that he retired from employment with Defendant Mississippi Department of Public Safety, effective February 29, 2024. To the extent the allegations and conclusions contained in Paragraph 19 and/or "COUNT 2" of Plaintiff's Complaint designated therein, and/or any Exhibit to Plaintiff's Complaint referenced therein, are intended to impose liability upon this Defendant, the same are denied.

## COUNT 3

Defendant Clark denies the allegations and conclusions contained in Paragraph 19 and/or "COUNT 3" of Plaintiff's Complaint designated therein.

**20.** Defendant Clark denies the allegations and conclusions contained in Paragraph 20 of Plaintiff's Complaint.

## REQUEST FOR RELIEF

In response to this unnumbered paragraph, Jay F. "Rusty" Clark denies that the plaintiff is entitled to a judgment or relief against him in the amount demanded or relief of any kind or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, Defendant Clark asserts the following Defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted on all claims. Further, to the extent applicable, Defendant Clark asserts that the allegations of the Plaintiff's Complaints are subject to the provisions of Fed. R. Civ. P. 12(b)(1) through (7), with special notice regarding the lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted. Defendant Clark further alleges that Plaintiff's request for this Court to exercise pendent jurisdiction over Plaintiff's state law claims asserted against him is improper and unauthorized under controlling law.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

## THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, waiver, res judicata, accord and satisfaction, arbitration and award, payment, release, credit, set-off, recoupment, and/or exclusivity provisions of the Mississippi Workers'

Compensation Act. This Defendant further pleads all applicable statutes of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

## FIFTH DEFENSE

Defendant Clark affirmatively pleads that he is immune under the Eleventh Amendment to the United States Constitution, and sovereign immunity, to any claims contained in Plaintiff's Complaint that are or hereafter may come to be designated as official capacity and/or federal law claims. Defendant Clark hereby affirmatively pleads his sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. §11-46-1, et seq., as annotated and amended.

## SIXTH DEFENSE

Defendant Clark affirmatively pleads all defenses available to him by Mississippi statutory and common law.

## SEVENTH DEFENSE

Any and all actions taken by Defendant Clark relating to Plaintiff's employment with Defendant MDPS were performed in good faith, based upon legitimate, non-discriminatory reasons, and undertaken in a fair and equitable manner so as to bar Plaintiff's claims.

## EIGHTH DEFENSE

At all times relevant to the Plaintiff's Complaint, Defendant Clark acted in good faith, without malice, without reckless disregard, without deliberate indifference, without injurious intent, and without evil motive; Defendant Clark is therefore guilty of no wrongful, actionable, or tortious conduct.

## NINTH DEFENSE

Any damage, loss, or deprivation to Plaintiff, if any, was not proximately caused by any act or omission of Defendant Clark.

## TENTH DEFENSE

Any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by an official policy, practice, or custom of the Defendants.

## ELEVENTH DEFENSE

The Defendants' conduct towards Plaintiff would have been the same regardless of her race or her alleged involvement in "protected activity" within the meaning of Title VII of the Civil Rights Act of 1964.

## TWELFTH DEFENSE

Defendants would show that the factual allegations contained in Plaintiff's Complaint and the conduct of which she has complained do not violate any clearly established statutory or common law right(s) of the Plaintiff, determined by the standard of objective reasonableness.

### THIRTEENTH DEFENSE

To the extent Plaintiff's claims against this Defendant are intended to allege claims against him arising under 42 U.S.C. §§ 1981 or 1983, the same must be dismissed. Defendant Clark did not act with deliberate indifference to any of Plaintiff's Constitutional rights.

### FOURTEENTH DEFENSE

Some or all of Plaintiff's claims and damages are barred by the after-acquired evidence doctrine.

### FIFTEENTH DEFENSE

Some or all of Plaintiff's claims and damages are barred by the applicable statutes of limitations.

### SIXTEENTH DEFENSE

At all times relevant herein, Defendant Clark acted in accordance with Defendant MDPS' workplace policies, which strictly prohibit unlawful discrimination and retaliation; In addition, at all times relevant herein, Defendant Clark acted in accordance with MDPS' established and maintained workplace policies and procedures for the reporting and resolution of complaints alleging workplace discrimination and/or retaliation.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because she unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to otherwise avoid harm.

## EIGHTEENTH DEFENSE

Defendants complied with all procedural and substantive rights owed to Plaintiff, if any.

## NINETEENTH DEFENSE

Defendant Clark specifically denies that the Defendants have violated any law in any manner whatsoever, and denies that the Defendants, or either of them, are liable unto Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## TWENTIETH DEFENSE

To the extent that Plaintiff seeks punitive damages, the imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution since Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no legitimate governmental interest.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is in contravention of Defendant's rights under each of the following constitutional provisions:

a. the Commerce Clause of Article I, Section 8 of the United States Constitution;

b. the Contracts Clause of Article I, Section 10 of the United States Constitution;

c. the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d. the Supremacy Clause of Article VI of the United States Constitution;

e. the Free Speech Clause of the First Amendment of the United States Constitution;

f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g. the Takings Clause of the Fifth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

h. the Right of Counsel of the Sixth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

i. The Excessive Fines Clause of the Eighth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

j. the right to Trial by Jury contained in Seventh Amendment of the United States Constitution;

k. the Equal Protection Clause of the Fourteenth Amendment;

l. Due process clause of the Mississippi Constitution;

m. Alternatively, any claim for punitive damages is governed by the substantive and procedural provisions of Mississippi Code § 11-1-65.

## TWENTY-SECOND DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards stated in *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and its progeny including *State Farm v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-THIRD DEFENSE

Defendant Clark affirmatively avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to this Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America. Further, Plaintiff is not entitled to an award of punitive damages against Defendant Clark in that punitive damages are not allowable against the State or its agencies or employees acting within the course and scope of their employment.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff seeks to litigate issues outside the scope of her charge of discriminatory retaliation, the Complaint fails to state a claim upon which relief can be granted.

## TWENTY-FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies prior to bringing this action by failing to timely file a charge of discrimination / retaliation against this Defendant.

## TWENTY-SIXTH DEFENSE

All or a portion of Plaintiff's claims under Title VII fail because Plaintiff was not subject to any adverse employment action. Accordingly, Plaintiff's claims against this Defendant for malicious interference with employment must fail.

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to a trial by jury as to any state law claims asserted against this Defendant in her Complaint.

## TWENTY-EIGHTH DEFENSE

Defendant denies that Plaintiff is entitled to any relief. Alternatively, without admitting any wrongful conduct by Defendants or any of its employees, agents, or representatives, if the evidence determines that Plaintiff is entitled to back pay or front pay, Defendants are entitled to an offset of amounts earned or which Plaintiff could have earned with reasonable diligence, short term disability, long-term disability, workers' compensation, or unemployment benefits paid to Plaintiff.

## TWENTY-NINTH DEFENSE

Plaintiff has failed to allege her claims against Defendant Clark with the required level of specificity and therefore, one or more of her claims are ripe for dismissal.

## THIRTIETH DEFENSE

Defendants are not guilty of any conduct, whether negligent or intentional, which would entitle plaintiff to any recovery from the Defendants and/or either of them, whatsoever.

## THIRTY-FIRST DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendants and/or either of them were not the proximate cause of Plaintiff's alleged damages.

## THIRTY-SECOND DEFENSE

Defendant Clark states that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the harm complained of in Plaintiff's Complaint.

## THIRTY-THIRD DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's relationship with Defendants are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. Any claim or action brought regarding or in any way related to a work-related injury is subject to the exclusive remedy provisions of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9

## THIRTY-FOURTH DEFENSE

Defendant Clark reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the Plaintiff's Complaint.

## THIRTY-FIFTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies any and all allegations asserted by Plaintiff against him, as set forth in the Complaint, except to the extent specifically admitted herein, and demands strict proof thereof.

## THIRTY-SIXTH DEFENSE

Plaintiff failed to comply with the notice provisions of the Mississippi Tort Claims Act and specifically failed to provide any notice of claim to this Defendant, as required by Miss. Code Ann. §11-46-1 *et seq*.

## THIRTY-SEVENTH DEFENSE

Insofar as any state law claims are concerned, this Defendant invokes each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended for which a good faith legal and/or factual basis exists or may exist.

RESPECTFULLY SUBMITTED, this the 14th day of February, 2025.

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,** *Defendant*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Quentin A. Daniels*
Special Assistant Attorney General
Mississippi Bar No. 10408

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
QUENTIN A. DANIELS (MSB # 10408)
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
601-359-4242
quentin.daniels@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which has provided notice to all counsel of record.

This, the 14th day of February, 2025.

/s/ *Quentin A. Daniels*
Quentin A. Daniels