IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRICIA J. BOSARGE                                                    PLAINTIFF

V.                                              CAUSE NO. 3:24-CV-816-HTW-LGI

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
And JAY F. "RUSTY" CLARK, In His Individual
Capacity, for State Law Violations                                  DEFENDANTS

---

ANSWER AND DEFENSES OF
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY

---

Defendant, Mississippi Department of Public Safety ("MDPS" or "this Defendant"), by and through counsel, hereby submits its Answer and Defenses, and responds to the allegations contained in the Complaint [Doc. 1] filed against it by Plaintiff, Tricia J. Bosarge ("Plaintiff") in the above styled lawsuit as follows:

As to the first unnumbered paragraph of Plaintiff's Complaint that begins "This is an action to recover damages . . . ." MDPS admits that this is an action to recover damages against MDPS for alleged retaliation, but MDPS denies that it retaliated against Plaintiff or engaged in any unlawful conduct whatsoever. MDPS admits that individual Defendant Jay F. "Rusty" Clark ("Clark") is a former MDPS Highway Patrol Officer, who is sued in his individual capacity for state law violations, but MDPS denies any and all remaining allegations. To the extent the remaining

allegations and conclusions contained in this first unnumbered paragraph are intended to impose liability upon MDPS, the same are denied.

AND NOW, Defendant MDPS responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1.     Based on information and belief, MDPS admits the allegations contained in ¶ 1.

2.     MDPS admits that it is "an arm of the State of Mississippi", but it denies that it is a "political subdivision of the State of Mississippi" as alleged in ¶ 2.  MDPS admits that it may be served with process as provided for by law.  MDPS admits that this action arises under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and that it is subject to suit thereunder; however, MDPS denies any liability under this statute and further denies any unlawful conduct.  Based on information and belief, MDPS admits that Clark is an adult citizen of Mississippi, who may be served with process as provided for by law.

3.     MDPS admits the allegations contained in ¶ 3, but it specifically denies liability thereunder and denies any unlawful conduct.

4.     MDPS admits that Plaintiff and her husband are employees of MDPS. MDPS denies any and all remaining allegations contained in ¶ 4.

5.     MDPS denies that Plaintiff worked for some time as an administrator for some time and denies that Plaintiff was the Deputy Director of the Criminal Information Center as alleged in ¶ 5.  MDPS admits that Plaintiff was a Bureau Director II in her Crime Stoppers position and was promoted to a Staff Officer III

position in her role at Criminal Information Center. MDPS further admits that MDPS is an arm of the state of Mississippi and that Plaintiff worked under the direct supervision of Defendant Clark.

6. MDPS denies the allegations contained in ¶ 6.

7. MDPS denies the allegations contained in ¶ 7.

8. MDPS is without sufficient knowledge or information to admit or deny whether Plaintiff documented conversations with Clark or that those notes disappeared, as alleged in ¶ 8, and it, therefore, denies the same. MDPS admits that Plaintiff took medical leave in March 2023. MDPS denies that Clark ransacked Plaintiff's office as alleged in ¶ 8.

9. MDPS admits that Plaintiff made a complaint about Clark to Major Lamond Wilson, who arranged a meeting with MDPS counsel, Corrie Cockrell Carter who investigated Plaintiff's complaints of racially discriminatory practices and retaliation and determined that Plaintiff's complaints were unfounded. MDPS denies any and all remaining allegations contained in ¶ 9.

10. MDPS denies the allegations contained in ¶ 10, as stated.

11. MDPS denies the allegations contained in ¶ 11.

12. MDPS admits that Plaintiff was moved into the position of Director of the Mississippi Associates Program on or about October 1, 2023. MDPS admits that Lieutenant Colonel Haynes had a conversation with Plaintiff's husband, Ron Bosarge following Plaintiff's lateral transfer, but it denies the substance of that conversation as alleged in ¶ 12. MDPS denies any and all remaining allegations contained in ¶ 12.

13. MDPS denies the allegations contained in ¶ 13.

14. MDPS admits that Plaintiff filed an EEOC charge on or about December 15, 2023, which is attached to her Complaint as Exhibit "A" and speaks for itself. MDPS denies the allegations contained in Plaintiff's EEOC charge and further denies any unlawful retaliation or unlawful conduct.

15. MDPS admits that Lt. Col. Jimmy Herzog spoke with Plaintiff on or about October 7, 2024, but it denies that Herzog had any knowledge of Plaintiff's EEOC charge at that time. MDPS denies any and all remaining allegations contained in ¶ 15.

16. MDPS denies the allegations contained in ¶ 16.

17. MDPS admits that Herzog informed Plaintiff that MDPS was not going to automatically place her in the Director position, and that it would instead advertise for applicants for the position. MDPS further admits that Plaintiff, along with others interviewed for the position. MDPS denies any and all remaining allegations contained in ¶ 17.

18. MDPS admits that Plaintiff requested and received a right to sue letter from the EEOC issued on October 3, 2024, which is attached to the Complaint as Exhibit "B" and speaks for itself. MDPS further admits that Plaintiff filed a second EEOC charge, which is attached to the Complaint as Exhibit "C" and speaks for itself. MDPS admits that Plaintiff received a right to sue letter with respect to her second EEOC charge, which is attached to the Complaint as Exhibit "D" and speaks for itself. MDPS denies any and all remaining allegations contained in ¶ 18.

19.     MDPS denies that Defendants are liable to Plaintiff as alleged in ¶ 19. MDPS specifically denies the allegations and conclusions contained in ¶ 19 as Count 1, Count 2, and Count 3 of Plaintiff's Complaint.

## COUNT 1

MDPS denies the allegations contained in ¶ 19 as Count 1.

## COUNT 2

MDPS admits that Clark retired from his former position with MDPS.  MDPS denies any and all remaining allegations contained in ¶ 19 as Count 2.

## COUNT 3

MDPS denies the allegations contained in ¶ 19 as Count 3.

20.     MDPS denies the allegations contained in ¶ 20.

## REQUEST FOR RELIEF

In response to this unnumbered paragraph, MDPS denies that the Plaintiff is entitled to a judgment or relief against it in the amount demanded or relief of any kind or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, this Defendant asserts the following Defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted on all claims.  Further, to the extent applicable, MDPS asserts that the allegations of the Plaintiff's Complaint are subject to the provisions of Fed. R. Civ. P.

12(b)(1) through (7), with special notice regarding the lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

## THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, waiver, res judicata, accord and satisfaction, arbitration and award, payment, release, credit, set-off, recoupment, and/or exclusivity provisions of the Mississippi Workers' Compensation Act. Defendant further pleads all applicable statutes of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

## FIFTH DEFENSE

Defendant pleads that it is immune from suit under the Eleventh Amendment to the U.S. Constitution, and by the Mississippi Tort Claims Act and sovereign immunity.

## SIXTH DEFENSE

Defendant pleads all defenses available to them by Mississippi Statutory and common law.

## SEVENTH DEFENSE

Defendant's actions toward or decisions regarding Plaintiff's employment with the MDPS were taken in good faith, based on legitimate, non-discriminatory/non-

retaliatory reasons, and taken in a fair and equitable manner so as to bar Plaintiff's claims.

## EIGHTH DEFENSE

At all times relevant to Plaintiff's Complaints, the Defendant acted in good faith, without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, and are guilty of no wrongful or tortious conduct.

## NINTH DEFENSE

Individual Defendant, Clark was not Plaintiff's employer and cannot be found liable under Title VII claims in any capacity, individual or official.

## TENTH DEFENSE

Any damage, loss or deprivation to plaintiff, if any, was not proximately caused by an official policy, practice or custom of the Defendant.

## ELEVENTH DEFENSE

Defendant's actions would have been the same regardless of Plaintiff's alleged complaints and/or protected activity.

## TWELFTH DEFENSE

Defendant would show that the factual allegations contained in Plaintiff's Complaint and the conduct complained of do not violate any clearly established statutory right of the Plaintiff, determined by the standard of objective reasonableness.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims and damages are barred by the after-acquired evidence doctrine.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitations, including but not limited to, claims pursuant to 42 U.S.C. §2000e, et seq.

## FIFTEENTH DEFENSE

Defendant's policies strictly prohibit unlawful discrimination and retaliation, and it has maintained reasonable policies and procedures for the reporting and resolution of complaints alleging discrimination and retaliation.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because she unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's damage claims are barred since Defendant cannot be held liable for acts of employees committed outside the scope of their employment or acts committed in violation of Defendant's written policies and procedures.

## EIGHTEENTH DEFENSE

Defendant states that even if Plaintiff is able to prove that a prohibited factor motivated Defendant's employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore,

the Plaintiff's claims must fail.

## NINETEENTH DEFENSE

Plaintiff's claims and/or potential damages recoverable under Title VII are subject to and limited by the statutory provisions of 42 U.S.C. §1981a.

## TWENTIETH DEFENSE

Defendant complied with all procedural and substantive rights owed to Plaintiff, if any.

## TWENTY-FIRST DEFENSE

MDPS specifically denies that it violated any law in any manner or respect whatsoever and denies it is liable unto Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## TWENTY-SECOND DEFENSE

To the extent that Plaintiff seeks punitive damages, the imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution since Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no legitimate governmental interest.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages is in contravention of Defendants' rights under each of the following constitutional provisions:

a. the Commerce Clause of Article I, Section 8 of the United States Constitution;

b. the Contracts Clause of Article I, Section 10 of the United States Constitution;

c. the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d. the Supremacy Clause of Article VI of the United States Constitution;

e. the Free Speech Clause of the First Amendment of the United States Constitution;

f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g. the Takings Clause of the Fifth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

h. the Right of Counsel of the Sixth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

i. The Excessive Fines Clause of the Eighth Amendment of the United States Constitution as applied to the States via the Fourteenth Amendment to the United States Constitution;

j. the right to Trial by Jury contained in Seventh Amendment of the United States Constitution;

k.     the Equal Protection Clause of the Fourteenth Amendment;

l.     Due process clause of the Mississippi Constitution;

m.     Alternatively, any claim for punitive damages is governed by the substantive and procedural provisions of Mississippi Code § 11-1-65.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff demands punitive damages, MDPS specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards stated in *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and its progeny including *State Farm v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-FIFTH DEFENSE

Defendant affirmatively avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to this Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America. Further, Plaintiff is not entitled to an award of punitive damages against Defendant MDPS in that punitive damages are not allowable against the State or its agencies or employees acting within the course and scope of their employment.

## TWENTY-SIXTH DEFENSE

Plaintiff is barred from raising any claim occurring more than 180 days prior to the filing of the EEOC charge in this case.

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiff seeks to litigate issues outside the scope of her EEOC charge(s), the Complaint fails to state a claim upon which relief can be granted.

## TWENTY-EIGHTH DEFENSE

Plaintiff has failed to exhaust administrative remedies prior to bringing this action by failing to timely file a charge of discrimination against this Defendant.

## TWENTY-NINTH DEFENSE

Defendant states that even if Plaintiff is able to prove that a prohibited factor motivated MDPS's employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

## THIRTIETH DEFENSE

All or a portion of Plaintiff's claims under Title VII fail because Plaintiff was not subject to any adverse employment action. Further, MDPS's conduct toward Plaintiff would have been the same regardless of her alleged protected activity within the meaning of Title VII of the Civil Rights Act of 1964.

## THIRTY-FIRST DEFENSE

Plaintiff has failed to allege her claims against MDPS with the required level of specificity and therefore, one or more of her claims are ripe for dismissal.

## THIRTY-SECOND DEFENSE

MDPS denies Plaintiff is entitled to any relief. Alternatively, without admitting any wrongful conduct by Defendant or any of its employees, agents, or

representatives, if the evidence determines that Plaintiff is entitled to back pay or front pay, MDPS is entitled to an offset of amounts earned or which Plaintiff could have earned with reasonable diligence, short term disability, long-term disability, workers' compensation, or unemployment benefits paid to Plaintiff.

## THIRTY-THIRD DEFENSE

Defendant is not guilty of any conduct, whether negligent or intentional, which would entitle plaintiff to any recovery from Defendant whatsoever.

## THIRTY-FOURTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of Defendant was not the proximate cause of her alleged damages.

## THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's damage claims are barred since Defendant MDPS cannot be held liable for acts of employees committed outside the scope of their employment or acts committed in violation of Defendant MDPS's written policies and procedures.

## THIRTY-SIXTH DEFENSE

Defendant states that Plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

## THIRTY-SEVENTH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's relationship with Defendant MDPS are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. Any claim or action brought

regarding or in any way related to a work-related injury is subject to the exclusive remedy provisions of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.

## THIRTY-EIGHTH DEFENSE

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the complaint.

## THIRD-NINTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies any and all allegations asserted by Plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FORTIETH DEFENSE

Plaintiff failed to comply with the notice provisions of the Mississippi Tort Claims Act and specifically failed to provide any notice of claim to this Defendant, as required by Miss. Code Ann. §11-46-1 *et seq.*

## FORTY-FIRST DEFENSE

Insofar as any state law claims are concerned, this Defendant invokes each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended for which a good faith legal and/or factual basis exists or may exist.

## FORTY-SECOND DEFENSE

Plaintiff is not entitled to a trial by jury as to any state law claims asserted against this Defendant in her Complaint.

RESPECTFULLY SUBMITTED, this the 28th day of February, 2025.

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, *Defendant*

LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI

*/s/ Lindsay Thomas Dowdle*
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
LINDSAY THOMAS DOWDLE (MSB # 102873)
CECE HURT THOMAS (MSB # 106489)
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
601-359-3020
601-359-3847
Lindsay.Dowdle@ago.ms.gov
Cece.thomas@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which has provided notice to all counsel of record.

This, the 28th day of February, 2025.

*/s/ Lindsay Thomas Dowdle*
Lindsay Thomas Dowdle

15