**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TRICIA J. BOSARGE** **PLAINTIFF**

**vs.** **CAUSE NO. 3:24-CV-816-HTW-LGI**

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY and JAY F. "RUSTY" CLARK, in his Individual Capacity, for State Law Violations** **DEFENDNATS**

---

# ORDER

---

BEFORE THIS COURT is Defendant Mississippi Department of Public Safety's Motion for Summary Judgement, filed pursuant to Rule 56 (a)[1] of the Federal Rules of Civil Procedure. This motion is opposed by Plaintiff Tricia J. Bosarge. Since all briefing on said motion is now complete, this motion is ripe for a ruling.

This court has subject matter jurisdiction over this dispute under the auspices of 28 U.S.C. § 1331[2]. Plaintiff and Defendant Mississippi Department of Public Safety ("MDPS") acknowledge this jurisdictional grant, and neither submits any challenge to this court's subject matter jurisdiction. Since Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964[3] ("Title VII"), federal substantive law governs those claims.

---

[1] Federal Rule of Civil Procedure 56(a) provides: "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

[2] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Title 42 U.S.C. § 2000e-5(f)(3) provides, in pertinent part, that a Title VII action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."

The named parties are Tricia J. Bosarge, Plaintiff, and Defendant MDPS. Also appearing in the style of this lawsuit is Jay F. "Rusty" Clark, in his Individual Capacity for state law violations. On June 17, 2026, Plaintiff and Defendant Clark jointly submitted a stipulation [Doc. 72], dismissing Defendant Clark, in his individual capacity from this lawsuit. Accordingly, the only remaining defendant before this court is MDPS.

Venue lies appropriately in the Southern District of Mississippi under 42 U.S.C. § 2000e-5(f)(3)[4], as the alleged unlawful employment practices occurred in this judicial district and the relevant employment records are maintained and administered here.

Plaintiff is a present employee of Defendant MDPS, and was so positioned during the activities giving rise to this dispute between the parties. Her employer, MDPS, is an arm of the State of Mississippi and an employer subject to Title VII.

This court's gaze is focused upon the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a)[5]. Plaintiff alleges that she suffered retaliation after opposing racially discriminatory hiring practices by Jay F. "Rusty" Clark, then Director of the Criminal Information Center ("CIC") at MDPS. Plaintiff filed, on December 15, 2023, her first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), challenging, as being retaliatory, Defendant's decision to transfer her to the Mississippi Associates Program as retaliatory. The EEOC issued to Plaintiff a right-to-sue notice on that charge on October 3, 2024. Plaintiff did not immediately file

---

[4] Title 42 U.S.C. § 2000e-5(f)(3) provides, in pertinent part, that a Title VII action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."

[5] Title 42 U.S.C. § 2000e-3(a) provides, in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

suit upon receiving that notice; instead, she filed, on December 9, 2024, a second EEOC charge contesting Defendant's decision to advertise the CIC Director position, rather than to appoint her. The EEOC, on December 13, 2024, issued to Plaintiff a second right-to-sue notice. Plaintiff thereafter filed this lawsuit on December 19, 2024, thus within 90 days of both notices. Defendant does not challenge the timeliness of the Complaint.

Bosarge's Complaint alleges two counts against MDPS on liability and for an award of damages: (1) because she was laterally transferred into an inferior position; and (2) because she was denied a promotion to the open position of CIC Director. Bosarge contends that her evidence shows that in both instances she was treated unfairly because she rightly raised concerns over Defendant's racially discriminatory hiring practices.

The Defendant has its own version of the events highlighted by Plaintiff. Denying that its motivation and actions were discriminatory, Defendant contends that Plaintiff's case collapses since, as the facts will show, Defendant had legitimate, non-retaliatory reasons for its action; thus, adds Defendant, under its motion for summary judgment, it is entitled to a judgment now in its favor as a trial before a jury would be unnecessary and foreclosed by law.

The polestars which must guide this court's resolution of the motion for summary judgment before the court are the relevant, material facts and the applicable jurisprudence. This court will address the facts as later needed, but this court will set out the legal standards now.

Motions for summary judgment owe their empowerment to Rule 56(a) of the Federal Rules of Civil Procedure. The Rule itself states:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Rule 56(a) manifests that summary judgment is appropriate only when the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. A fact is material if it might affect the outcome of the suit under the governing law; a dispute is genuine if the evidence would permit a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

The movant bears the initial burden of identifying the basis for its motion and the portions of the record demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant carries that burden, the nonmovant must identify specific record evidence creating a genuine issue for trial. *Id*. at 324.

In reviewing the record, this court views the evidence and draws all reasonable inferences in the nonmovant's favor. This court may not weigh competing evidence nor decide witness credibility. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000).

Both parties are fully conversant with Rule 56, and its jurisprudence; their disagreement here is measured by their recitation of "undisputed facts". As discussed above, Defendant, as the movant for summary judgment, to be successful, has the obligation to show under its motion the absence of genuine, disputed facts; thus, this court must make a searching review of the offerings by both parties to reach its conclusion on the point.

Before proceeding further, this court observes that the reader would benefit from some background on a retaliation claim. To establish a prima facie case, Plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) she suffered a materially adverse employment action; and (3) a causal connection existed between the protected activity and the adverse action. *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017). If Plaintiff makes that showing, Defendant must articulate a legitimate, nonretaliatory reason for its action. The burden then

returns to Plaintiff to produce evidence from which a reasonable jury could find that the Defendant's stated reason was pretextual and that retaliation was a but-for cause of the challenged action. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 352, 360, 362 (2013).

On June 12, 2026, this court heard oral arguments on Defendant's motion for summary judgment. This court asked a number of questions, especially to the Defendant about the factual scenario of this dispute. Counsel for the Defendant then endeavored to respond, to show the absence of genuine material facts.

She failed. Not because of a lack of oratorial ability, but because her client's records do not provide an answer. More than a few times, this court was left without answers to explain the Defendant's conduct here. What follows are some of these inquiries, left unanswered, which, in this court's eye, certainly bore on Defendant's argument for an award of summary judgment.

**Lateral Transfer**

- Was the transfer actually a lateral one: was she placed in an office smaller[6] than that of her comparators?
- Was the salary of the new position, over time, promising to be less desirable?
- How does the Defendant explain the temporal gap of the months between Plaintiff's alleged protected activity of voicing complaints to when she was transferred?

[6] Plaintiff testified that MDPS took away her staff, and moved her "from an administrative office into a closet." Bosarge Dep. 25:21–24 [Doc. 50-1].

**Failure to Hire**

- Why did the Defendant decide to abandon the appointment process and proceed with an interview/scoring process?
- Why is there a disconnect between what the rating criteria actually was?
- Since Plaintiff scored third on the rating system, why was she not given the position when the top two rated persons would not take the position?
- Why are there no records of the number of applicants who applied for the position?
- Why are there no records of the scoring sheets for the applicants deemed better qualified than Plaintiff?
- What safeguards were in place to prevent manipulation of the scoring process and retention of the records of the actual process?

Plaintiff contends that before a scoring system was devised (a system with uncertain parameters on key matters of inquiry) she was actually approached about taking the job. She said she would. The Defendant, says the Plaintiff, then decided to go to a scoring system, premised on questions posed to the applicants. Plaintiff then adds that she, unlike her comparators, was not given notice of the areas of inquiry, and, further, that the questions heavily favored her competitors.

For this court to be convinced of this lawsuit's key "undisputed facts", this court would have to accept Defendant's version of facts, which is largely uncorroborated by appropriate documentary evidence. Accordingly, this court is persuaded that this lawsuit must proceed to a jury determination. Concomitantly, this court must deny Defendant' s motion for summary judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Mississippi Department of Public Safety's Motion for Summary Judgment is DENIED.**

**IT IS FURTHER ORDERED that the trial of this lawsuit is set for November 30, 2026, at 9:00 A.M.**

**SO ORDERED this the 15th day of September, 2026.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**